O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Plaintiff's *Ex Parte* Application for Writ of Possession, Turnover Order and/or Temporary Restraining Order

Pending before the Court is Plaintiff's *ex parte* Application for a Writ of Possession, Turnover Order and/or Temporary Restraining Order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiff's application.

I.   Background

According to the complaint, Plaintiff Russell Buchanan ("Plaintiff") hired Neighbors Van Lines ("Neighbors") to move his personal property from Florida to California in May 2010. On June 22, 2010, movers from Defendant A Golden Hand ("Golden Hand") arrived at Plaintiff's Florida home wearing Neighbors t-shirts, despite the fact that they were actually employed by Golden Hand. Plaintiff paid Neighbors $5,400 as an initial payment on the estimated $7,200 total charge and the remaining balance was to be paid upon delivery in California. The property was never delivered and Plaintiff alleges that Golden Hand's president, Roni Levin ("Levin"), demanded an additional payment of $19,901.33 in order to deliver the property. Plaintiff offered an additional $5,000 for the delivery of the property, which Levin refused. Plaintiff does not know where the property is, and Golden Hand has allegedly threatened to auction it off.

On August 16, 2010, Plaintiff filed a Complaint against Defendants Neighbors and Golden Hand alleging: (1) conversion; (2) recovery of possession of personal property; (3) fraud; (4) breach of contract; (5) negligence; (6) violation of 49 C.F.R. 375.703(b); (7) violation of California Business and Professions Code § 17200; and (8) violation of 49 U.S.C. § 14706.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

On August 24, 2010, Plaintiff filed this Application for *Ex Parte* Writ of Possession, Turnover Order and/or Temporary Restraining Order. For the following reasons, Plaintiff's *ex parte* application is denied as to each request.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III.    Discussion

    A.    Plaintiff's Application for a TRO

An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Independent Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Accordingly, a party seeking a temporary restraining order must establish the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council*, —U.S.—, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citations omitted).

Plaintiff seeks a TRO enjoining Defendant from continuing to hold Plaintiff's property at an undisclosed location and from possibly auctioning off the property. *See Pl.'s Ex Parte Application* 3:21-24. However, Plaintiff has failed to identify any of the four factors required for this Court to issue a TRO, and has failed to present sufficient evidence to meet any of those required elements. For example, Plaintiff does not allege or establish a likelihood of success on the underlying claims in the complaint. Moreover, Plaintiff has not established a likelihood of irreparable injury if injunctive relief is denied. Plaintiff alleges that Defendants' have threatened to "auction [his] property," *id.* 5:26, but the mere probability of injury is insufficient to warrant such extraordinary relief, *Mastro v. Momot*, CV 09-01076 PHX (ROSx), 2009 WL 1993772, at *1 (D. Ariz. July 9, 2009). As Plaintiff has failed to present sufficient evidence to meet any of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | September 1, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

the four *Winter* requirements, including a likelihood of success on the merits and irreparable injury, the Court DENIES Plaintiff's *ex parte* request for a TRO.

      B.      Plaintiff's Application for a Writ of Possession and a Turnover Order

In the *ex parte* application, Plaintiff also seeks a Writ of Possession and/or a Turnover Order. Specifically, Plaintiff relies on Federal Rule of Procedure 64 which allows a plaintiff to seek and obtain state law remedies in federal courts. *See* Fed. R. Civ. P. 64. In doing so, Plaintiff erroneously relies on California Code of Civil Procedure § 512.020(b)(3) for the procedures governing an ex parte application for a writ of possession in the California courts. *See id.* at 5:1-14. While that code section may apply in determining whether issuing a writ of possession is ultimately appropriate, the Federal Rules of Civil Procedure and this Court's local rules still govern the initial determination of whether *ex parte* relief is warranted. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 2219 (1996) ("federal courts sitting in diversity apply state substantive law and federal procedural law"). And, as discussed, *ex parte* relief is only warranted when Plaintiff's "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *See Mission Power Eng'g*, 883 F. Supp. at 492.

Plaintiff stresses that Defendant Golden Hand "refuses to deliver [his] property, refuses to identify the location of the property and has threatened to auction the property." *Pl.'s Ex Parte Application* 5:23-24. If Plaintiff is correct, there is a possibility that his property will be auctioned, but a mere possibility is not sufficient for the Court to sidestep Defendants' opportunity to be heard and the normal motion procedures.

IV.     Conclusion

Because Plaintiff has failed to state facts necessary to meet the requirements of federal law and the rules governing this Court, Plaintiff's application for *ex parte* relief is DENIED.

     **IT IS SO ORDERED.**