O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6206 PSG (Rcx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neigbors Van Lines, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):              Attorneys Present for Defendant(s):

          Not Present                                         Not Present

**Proceedings:**     (In Chambers) Order Denying Plaintiff's *Ex Parte* Application for a Writ of Possession and Turnover Order

     Pending before the Court is Plaintiff's *ex parte* Application for a Writ of Possession and Turnover Order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES Plaintiff's application.

     At the outset, the Court stresses that *ex parte* relief is extraordinary and should not be used in lieu of standard motion practice. *See Standing Order* ¶ 10. This is Plaintiff's second attempt to obtain a writ of possession without going through the noticed motion procedures used by this Court to ensure fairness and a Defendant's opportunity to be heard.

I.     Background

     A detailed description of the events leading up to the filing of Plaintiff's first *ex parte* application for, *inter alia*, a writ of possession can be found in this Court's September 1, 2010 order. *See* Dkt. # 6. In short, Plaintiff Russell Buchanan ("Plaintiff") moved from Florida to California and hired Defendant Neighbors Van Lines ("Neighbors") to move his personal belongings. Movers from Defendant A Golden Hand ("Golden Hand") showed up wearing Neighbors t-shirts and loaded Plaintiff's property. Plaintiff paid Neighbors a $5,400 deposit on the initial $7,200 estimate, with the balance to be paid upon delivery in California. When movers arrived in California, they demanded an additional payment of $19,901.33, which Plaintiff did not provide.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (Rcx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neigbors Van Lines, *et al*. | | |

Plaintiff filed his first *ex parte* application on August 24, 2010, which the Court denied on September 1, 2010. Plaintiff filed the pending, second, *ex parte* application on September 22, 2010. According to Plaintiff, *ex parte* relief is warranted because Neighbors and Golden Hand ("Defendants") are "holding Plaintiff's property hostage" and have indicated that they will "return the property to Colorado and auction it off." *Ex Parte App.* 2:17-22.

II.     Legal Standard

The law on ex parte applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

III.    Discussion

Assuming *arguendo* that Plaintiff has met his burden of showing that *ex parte* relief may be warranted, Plaintiff has still failed to show that a writ of possession is proper. Under California law, an application for a writ of possession "shall be executed under oath and shall include" the following:

> (1) A showing of the basis of plaintiff's claim and that plaintiff is entitled to possession of the property claimed . . . (2) a showing that the property is wrongfully detained by the defendant . . . [and] (3) a particular description of the property and a statement of its value.

Cal. Code Civ. P. § 512.010. Moreover, California law provides for the *ex parte* issuance of a writ of possession, if, in addition to the above requirements, there is "probable cause" to believe that the following conditions exists:

> The defendant acquired possession of the property in the ordinary course of his trade or business for commercial purposes and: (i) The property is not necessary for the support of the defendant or his family; and (ii) There is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed, or removed from the state or will become substantially impaired in value by acts of destruction . . .; and (iii)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (Rcx) | Date | September 27, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neigbors Van Lines, *et al.* | | |

> The ex parte issuance of a writ of possession is necessary to protect the property.

*Id.* § 512.020(b). Only when Plaintiff establishes each of those elements will an *ex parte* writ of possession be issued.

Here, Plaintiff filed an affidavit with the *ex parte* application indicating that "the value of the property is at least $100,000. My best approximate value at this time is $103,000." *Buchanan Decl.* ¶ 24. In addition, Plaintiff filed the inventory list allegedly made by Defendants at the time of the move. But twenty of the first thirty items on the list are either "box," "sm[all] b[o]x," or "crate." *See id.* Ex. B. The asserted value of the property and the inventory list, made by *Defendants*, in no way satisfies Plaintiff's requirement to provide, under oath, "a particular description of the property and a statement of its value." *See* Cal. Code Civ. P. § 512.010(b)(3).[1]

IV.   Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* application for a writ of possession and transfer order.

**IT IS SO ORDERED.**

---

[1] The Court's determination that ex parte relief is not warranted is based on Plaintiff's failure to provide a particularized description of his property and the Court refrains from addressing the other elements required by Cal. Code Civ. P. § 512.010.