**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order Granting Defendant Neighbors Van Lines Motion to Dismiss**

Pending before the Court is Defendant Neighbors Van Lines Motion to Dismiss claims one, two, three, four, five, and eight of Plaintiff's Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion.

## I. Background

According to the Complaint, Plaintiff Russell Buchanan ("Plaintiff") hired Neighbors Van Lines ("Neighbors") to move his personal property from Florida to California in May 2010. *Compl.* ¶¶ 4, 58. Neighbors then "brokered the packing and transportation of the goods" to Defendant A Golden Hand ("Golden Hand"). *Id.* ¶ 5. After Neighbors brokered the move, Plaintiff signed a contract on June 22, 2010 with Golden Hand and "tendered each and every item of personal property in good condition to" Golden Hand for the move. *Id.* ¶ 68. After arriving in California, Plaintiff did not receive his goods despite "repeated demands" to Golden Hand that have gone unanswered. *Id.* ¶ 5. When Plaintiff was able to contact Golden Hand, it allegedly threatened to auction off Plaintiff's goods unless he provides payment "in excess of 300% of the original estimate." *Id.* ¶¶ 19, 22.

On August 16, 2010, Plaintiff filed a Complaint against Defendants Neighbors and Golden Hand alleging: (1) conversion; (2) recovery of possession of personal property; (3) fraud; (4) breach of contract; (5) negligence; (6) violation of 49 C.F.R. 375.703(b); (7) violation

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

of California Business and Professions Code § 17200; and (8) violation of 49 U.S.C. § 14706. According to the Complaint, Defendants were "at all relevant times" the "agent, employee, representative, co-conspirator, affiliate, alter ego and/or successor-in interest of each of them," and wrongful conduct by one is therefore imputed to the other. *Id.* ¶ 10.

Defendant Neighbors, but not Golden Hand, filed the pending Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Fifth and Eighth Causes of Action on October 4, 2010. For the reasons that follow, the Court GRANTS the Motion.

II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may

CV 10-6206 (11/10) **CIVIL MINUTES - GENERAL** Page 2 of 9

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III. Discussion

Defendant Neighbors moves to dismiss all of the claims in Plaintiff's Complaint, except for claims six and seven. Each will be addressed in turn, but the Court first addresses Neighbors' request for judicial notice of a contract purportedly signed by Plaintiff on June 22, 2010.

A. Defendant's Request for Judicial Notice

As discussed above, a Court may consider documents on which a plaintiff's complaint necessarily relies and whose authenticity is not contested without turning a motion to dismiss into a motion for summary judgment. *See Lee*, 250 F.3d at 688-89. While Plaintiff's Complaint refers to an agreement signed with Golden Hand on June 22, 2010, Plaintiff did not attach that agreement to his Complaint and has not provided it for purposes of this Motion. *See Compl.* ¶ 68. Neighbors, however, offers a document that appears to be that June 22, 2010 agreement and asks the Court to take notice of it when deciding Defendant's Motion. *See Mot.* 3:4-25; *Massaro Decl.*, Ex. A. Even though Plaintiff refers to it in his Complaint, and even though Neighbors offers the declaration of Louis Massaro, the president of Neighbors, attesting to its legitimacy, the Court cannot consider it for the simple reason that Plaintiff contests its authenticity. *See Lee*, 250 F.3d at 688-89.

B. Conversion

Neighbors moves to dismiss Plaintiff's claim for conversion arguing that the Complaint "consistently alleges that it was Golden Hand's wrongful acts, not Neighbors', that constituted a conversion of Plaintiff's property" and that "Neighbors never possessed the property." *Mot.* 5:12-16. Plaintiff fails to oppose Neighbors' argument, which itself is a grounds for granting the Motion, but the Court takes the opportunity to address Plaintiff's more general argument that Neighbors and Golden Hand were agents of each other, and that all actions taken by one can be imputed to the other. *See Compl.* ¶ 10; *Opp'n* 3:20-5:19.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

The Complaint alleges that Neighbors "brokered the packing and transportation of the goods to Defendant A Golden Hand," *id.* ¶ 5, but also that Neighbors and Golden Hand were "agent[s], employee[s], representative[s], co-conspirator[s], affiliate[s], alter ego[s] and/or successor[s]-in-interest" of each other, *id.* ¶ 10. Plaintiff has failed to plead an agency relationship.

An agent in California is defined as "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. To plead an agency relationship, a plaintiff must allege: (1) that the agent or apparent agent holds power to alter legal relations between [the] principal and third persons and between [the] principal and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the] agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to matters entrusted to him." *Palomares v. Bear Sterns Residential Mortg. Corp.*, No. CV 07-1899 WQH (BLM), 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008) (citing *Garlock Sealing Technologies LLC v. NAK Sealing Technologies Corp.*, 148 Cal. App. 4th 937, 965, 56 Cal. Rptr. 3d 177 (2007)). The only allegations made by Plaintiff—that "at all relevant times each of the Defendants was the agent, employee, representative, co-conspirator, affiliate, alter ego and/or successor-in-interest of each of them, and of each other, and has, in such capacity or capacities, participated in the acts or conduct alleged" in the Complaint, *Compl.* ¶ 5—are nothing more than legal conclusions of the type prohibited by *Iqbal* and *Twombly*. *See Iqbal*, 129 S. Ct. at 1949 (a complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do (citation omitted)). Plaintiff's argument that the conduct of Golden Hand is imputed to Neighbors therefore must fail.

Moreover, Plaintiff's allegation that Neighbors was a "broker" has legal implications. Referred to by the Supreme Court as essentially a "middleman between motor carriers and the shipping public," *Reiter v. Cooper*, 507 U.S. 258, 261, 113 S. Ct. 1213, 122 L. Ed. 2d 604 (1993), a broker is only liable for its own conduct or for negligently hiring a carrier, once the carrier has been selected, *see Chubb Group of Ins. Co's. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1071 (C.D. Cal. 2002). In fact, allegations of impropriety related "to events that occurred after the carrier ha[s] been hired and during the course of shipment itself, as opposed to [a broker's] activities in selecting the carrier" cannot be imputed to the broker. *Id.* Therefore, conduct attributed solely to Golden Hand cannot be attributed to Neighbors as a broker.

Returning to Plaintiff's claim for conversion, the Court notes that even though he failed to oppose Defendant's Motion to Dismiss this claim, Plaintiff's claim should be dismissed for the independent reason of being insufficiently pleaded. To state a claim for conversion, a plaintiff in

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

California must allege (1) his ownership or right to possess the property at the time the conversion took place, (2) the defendant's conversion by a wrongful act or disposition of property rights, and (3) damages to the plaintiff. *See Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507, 85 Cal. Rptr. 3d 268 (2008). While it is not necessary to show "a manual taking of the property," a plaintiff must still establish "an assumption of control or ownership over the property [by the defendant], or that the alleged converter has applied the property to his own use." *Id.* In this case, while Plaintiff generally alleges in the claim for conversion that "Defendants," meaning both Golden Hand and Neighbors, wrongfully converted his property, the remainder of the Complaint more specifically states that "Golden hand has refused to deliver Plaintiff's goods," that "[d]espite timely and repeated demands, Defendant A Golden Hand refuses to cooperate and release possession of Plaintiff's goods," and that Golden Hand refuses to deliver the goods until Plaintiff pays "in excess of 300% of the original estimate." *See Compl.* ¶¶ 16, 18. Nowhere in the Complaint does Plaintiff allege that Neighbors has any control, physical or otherwise, over his goods. And to the extent Plaintiff's conversion claim against Neighbors is based upon principles of agency, the Court has already explained why that will not work. Neighbors' Motion to Dismiss Plaintiff's First Cause of Action for Conversion is GRANTED.

C. Recovery of Personal Property

Neighbors next moves to dismiss Plaintiff's second cause of action for recovery of personal property. The Court notes that the Complaint does not allege any statute or other source upon which the second claim is based, and therefore treats it as if Plaintiff is seeking a Writ of Possession under California law. To obtain a Writ of Possession, a Plaintiff must show, *inter alia*, that "the property is wrongfully detained by the defendant . . . [and] the manner in which the defendant came into possession of the property." Cal. Code Civ. P. § 512.010. The Complaint clearly states that Golden Hand is in possession of the property, not Neighbors. *See Compl.* ¶ 29 ("Said property is being wrongfully detained by Defendant A Golden Hand"); *see also id.* ¶ 68 ("Plaintiff tendered each and every item of personal property in good condition to Defendant A Golden Hand"); *id.* ¶ 16 ("Defendant A Golden Hand has refused to deliver Plaintiff's goods"); *id.* ¶ 18 ("Despite timely and repeated demands, Defendant A Golden Hand refuses to cooperate and release possession of Plaintiff's goods"); *id.* ¶ 54 ("To date, Defendant A Golden Hand contintues to hold Plaintiff's goods and claim[s] it will not deliver Plaintiff's goods until Plaintiff pays in excess of 300% of the original estimate"). Neighbors' Motion to Dismiss Plaintiff's second cause of action for recovery of personal property is GRANTED.

D. Fraud

CV 10-6206 (11/10) **CIVIL MINUTES - GENERAL** Page 5 of 9

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

Neighbors next moves to dismiss Plaintiff's fraud claim against it as "woefully fail[ing] to meet the heightened pleading requirements set forth in Rule 9(b)." *Mot.* 7:16-18. Plaintiff defends his claim by falling back on the argument that Neighbors and Golden Hand are agents of each other and any fraudulent statement made by one can be attributed to the other. *See Opp'n* 5:15-18.

To prove fraud, Plaintiff must show (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72, 269 Cal. Rptr. 337 (1990); 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this standard, allegations in support of fraud claims must be "'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *See In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Thus, fraud claims generally must include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *See id.* (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). When alleging fraud against a corporation, however, "the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *See Edejer v. DHI Mortgage, Co.*, No. CV 09-1302 PGH, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) (citations omitted).

Plaintiff's fraud claim as pleaded fails for two reasons: Plaintiff failed to plead fraud with particularity and has not adequately pleaded the existence of an agency relationship. In alleging fraud, Plaintiff's Complaint states only that "Defendants" made various representations that later turned out to be false, and that "Defendants" did so with the intent to defraud. *See Compl.* ¶¶ 33-42. Repeatedly referring to both Golden Hand and Neighbors as "Defendants" does not put either party on notice of its own misconduct so that it can defend against Plaintiff's claim of fraud. *See In re Apple*, 596 F. Supp. 2d at 1310. In addition, Plaintiff has failed to allege, specifically, the person or persons within each Defendant company who actually made the fraudulent statement. *See Edejer*, 2009 WL 1694714, at *11. Finally, the Court addressed Plaintiff's agency argument above and incorporates it here. As a result, even if Plaintiff's attribution of certain statements to "Defendants" was sufficient, which it is not, there is no way, based on the pleadings, to impute a statement made by Golden Hand to Neighbors, or vice versa.

CV 10-6206 (11/10) **CIVIL MINUTES - GENERAL** Page 6 of 9

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

Plaintiff has failed to adequately plead a fraud claim against Neighbors and Neighbors' Motion is GRANTED.

E. Breach of Contract

Plaintiff's complaint also includes a claim for breach of contract, which Defendant Neighbors moves to dismiss. *See Compl.* ¶¶ 43-48. Neighbors' Motion is based on facts within the June 22, 2010 document offered with the request for judicial notice. *SeeMot.* 3:4-25; 9:17-19. For the reasons addressed earlier, the Court will not consider the contents of the document provided by Neighbors. As a result, the Court considers only whether Plaintiff's breach of contract claim is adequate as pleaded.

To state a claim for breach of contract, a plaintiff must allege the following essential elements: 1) the existence of a contract, 2) plaintiff's performance or excuse for nonperformance, 3) defendant's breach, and 4) the resulting damages to plaintiff. *See Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723 (1971). In alleging the existence of the contract, a "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect." *See Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 44893, *6 (N.D. Cal. July 21, 2005) (quoting Fed. R. Civ. P. Official Form 3, 12) (additional citations omitted). To plead a contract's legal effect, a plaintiff must "allege the substance of its relevant terms," which is more difficult than pleading the contract's precise language because it "requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *See Parrish v. NFL Players Ass'n*, 534 F. Supp. 2d 1081, 1094 (N.D. Cal. 2007) (internal quotations omitted).

Plaintiff pleads that he entered in to a contract with Neighbors, *Compl.* ¶ 14, that Plaintiff performed his side of the contract, *id.* ¶ 46, that his property was never delivered as promised, *id.* ¶ 47, and that he suffered damages when the goods were never delivered, *id.* ¶ 48. Without examining the contents of the alleged June 22, 2010 agreement offered by Neighbors, there is nothing to support the argument that it is the operative document and that it rescinded any earlier agreements between Plaintiff and Defendants. Nevertheless, Plaintiff's allegation of breach is not sufficient to establish a breach of contract claim against Neighbors. Neighbors, as a broker, *see Compl.* ¶ 5, is potentially liable for its own acts and for negligently hiring Golden Hand, *see Chubb Group of Ins. Companies*, 243 F. Supp. 2d at 1071. Therefore, the fact that Golden Hand has allegedly refused to deliver Plaintiff's goods—in breach of *its* contract—does not mean that the same conduct makes Neighbors liable as a broker. Accordingly, Plaintiff's breach of contract claim against Neighbors is GRANTED.

CV 10-6206 (11/10) **CIVIL MINUTES - GENERAL** Page 7 of 9

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

F. Negligence

Plaintiff's fifth cause of action alleges that Neighbors "negligently, carelessly, [and] recklessly provided services to Plaintiff in that [it] failed to use the utmost care and skill in transporting and delivering Plaintiff's goods to California and, in fact, have not yet delivered the goods entrusted in [its] care." *Compl.* ¶ 53. Because Plaintiff alleges that Neighbors was a broker, *see id.* ¶ 5, and fails to allege the existence of any other agency relationship, Plaintiff's claim that Neighbors was negligent in the transportation of goods it did not transport must fail. As discussed above, a broker's duty of care in the transportation of a client's goods is to "exercise due care in selecting an appropriate carrier." *Chubb Group of Ins. Companies*, 243 F. Supp. 2d at 1071. If the broker fails to exercise such care then it can be held liable for negligence in hiring. *Id.* Once a carrier accepts a client's goods for transport, however, any duties of care are transferred to the carrier. *Id.* By his own admission, Plaintiff tendered his personal property to Golden Hand, not Neighbors, *see Compl*. ¶ 68, and Plaintiff does not allege that "Neighbors ever saw the goods, handled the goods, took possession of the goods or was anywhere near the goods," *Mot.* 10:11-15. While Golden Hand owed Plaintiff a duty of care during the transportation process, Neighbors did not. *See Compl.* As a result, Neighbors' Motion to Dismiss the fifth cause of action for negligence is GRANTED.

G. Violation of the Carmack Amendment, 49 U.S.C. § 14706

Finally, Neighbors moves to dismiss Plaintiff's eighth cause of action for violation of the Carmack Amendment, 49 U.S.C. § 14706. Neighbors argues that because the Complaint alleges that Neighbors is a broker, it cannot be liable as a carrier under the Carmack Amendment. Plaintiff argues that Neighbors held itself out to be a "transporter of goods" and that, as a result, it should be treated as a carrier. *Opp'n* 7:15-26.

Under the Carmack Amendment, a common carrier "shall be liable . . . for any loss, damage, or injury" to an interstate shipment. *Mass v. Braswell Motor Freight Lines, Inc.*, 557 F.3d 665, 667 (9th Cir. 1978) (quoting the Carmack Amendment). Specifically, liability can be imposed on a "receiving carrier," a "delivering carrier" or "another carrier" of the goods that are damaged. 49 U.S.C. § 14706. From the plain language of the statute, it is clear that a company in the business of transporting goods is only liable for "loss or injury" if it actually carried the goods. *Id.* As discussed earlier, Plaintiff alleges only that Golden Hand carried his goods from Florida to California, and that Plaintiff has failed to adequately allege an agency relationship that would possibly expose Neighbors to liability as a principal. Moreover, brokers are not carriers for purposes of the Carmack Amendment. *See, e.g., Prof'l Commc'ns, Inc. v. Contract*

CV 10-6206 (11/10) **CIVIL MINUTES - GENERAL** Page 8 of 9

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#23**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | November 29, 2010 |
| --- | --- | --- | --- |
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

*Freighters, Inc.*, 171 F. Supp. 2d 546, 550 (D. Md. 2001); *Servicemaster Co. v. FTR Transp., Inc.*, 868 F. Supp. 90, 96 (E.D. Pa. 1994).

Plaintiff's reliance on *Mass v. Braswell Motor Freight Lines, Inc.* for the proposition that Neighbors should be liable because it held itself out to be the actual transporter of the goods is misplaced. *See Opp'n* 7:13-27. In that case, the Ninth Circuit determined that even though a carrier that transported Plaintiff's rare and valuable goods was prohibited by its Certificate to carry articles with "unusual values", it could nevertheless be liable for losing an item in transport. *See Mass,* 577 F.2d at 667. Crucial to that determination was the fact that the law "determines common carrier status by what is done rather than by corporate character or declared purposes, and so long as the service is actually rendered on a public basis, lack of authority so to operate" does not "absolve the proprietor from the duties of a common carrier." *Id.* (quoting 10 Williston, Contracts § 1071B, at 12 (3d ed. 1967). Unlike *Mass*, where the carrier actually carried the goods even though it was not supposed to, Neighbors here is not alleged to have carried Plaintiff's property at all. Based on the allegations that Neighbors was only a broker, that Golden Hand actually carried Plaintiff's goods, and the plain language of the Carmack Amendment, Plaintiff has failed to state a Carmack Amendment claim against Neighbors and Neighbors' Motion is GRANTED accordingly.

IV. Conclusion

Based on the foregoing, Defendant Neighbors' Motion to Dismiss Claims One, Two, Three, Four, Five and Eight of Plaintiff's Complaint is GRANTED WITH LEAVE TO AMEND. If Plaintiff fails to amend the Complaint by December 20, 2010, the Court will dismiss those claims against Neighbors with prejudice.

**IT IS SO ORDERED.**