FILED

2010 DEC 23  PM 12: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  GREGG S. GARFINKEL (156632)
   CRAIG S. WEINSTEIN (265488)
2  NEMECEK & COLE
   A Professional Corporation
3  15260 Ventura Boulevard, Suite 920
   Sherman Oaks, California 91403-5399
4  tel: (818) 788-9500
   email: ggarfinkel@nemecek-cole.com
5
   Attorneys for Plaintiff
6  RUSSELL BUCHANAN

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 RUSSELL BUCHANAN,                    ) Case No. CV 10 6206 PSG (RCx)

                Plaintiff,              ) FIRST AMENDED COMPLAINT
12                                      ) FOR (1) CONVERSION; (2)
        - vs -                          ) RECOVERY OF POSSESSION
13                                      ) OF PERSONAL PROPERTY; (3)
   NEIGHBORS VAN LINES, a Florida       ) FRAUD; (4) BREACH OF
14 business of unknown form; A          ) CONTRACT; (5) NEGLIGENCE;
   GOLDEN HAND MOVING, a                ) (6) VIOLATION OF FEDERAL
15 Colorado business of unknown         ) REGULATION (49 C.F.R.
   form; and DOES 1-10, inclusive,      ) 375.703(B); (7) VIOLATION OF
16                                      ) BUSINESS AND
                Defendants.             ) PROFESSIONS CODE
17                                      ) SECTION 17200; (8)
   _____      ) VIOLATION OF CARMACK
18                                      ) AMENDMENT (49 U.S.C. §
                                        ) 14706); AND (9) NEGLIGENT
19                                        HIRING

20                                        DEMAND FOR JURY TRIAL

21 TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

22      COMES NOW Plaintiff RUSSELL BUCHANAN ("Plaintiff"), and does

23 hereby complain against Defendants NEIGHBORS VAN LINES

24 ("NEIGHBORS") and A GOLDEN HAND MOVING ("A GOLDEN HAND")

25 (collectively "Defendants"), and each of them, and alleges:

26                    **Jurisdiction Parties**

27      1.      This action involves the failure to deliver household goods moving

28 in interstate commerce, pursuant to the Federal Motor Carrier Safety

2305011P.15 FAC.wpd                    **FIRST AMENDED COMPLAINT**

1  Regulations, 48 C.F.R. §§ 375.409 and 375.703(b) and the Surface

2  Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. §

3  13101 *et seq.*

4      2.    The matters complained of herein, and the liability of Defendants

5  arises, *inter alia*, from an interstate shipment of Plaintiff's goods.

**Parties**

7      3.    Plaintiff RUSSELL BUCHANAN (referred to as "BUCHANAN" or

8  "Plaintiff") is a natural person residing in the State of California.

9      4.    Plaintiff BUCHANAN contracted with NEIGHBORS for the

10  interstate shipment of his household goods and effects (the "property") from

11  Miami Beach, Florida, to Los Angeles, California.

12      5.    Plaintiff is informed, and believes, that Defendant NEIGHBORS is

13  a Florida company authorized, as a motor carrier,  to conduct interstate moves

14  within the 48 contiguous United States, including California.

15      6.    Plaintiff is further informed, and believes, that Defendant

16  NEIGHBORS does not possess, and did not possess at all times relevant

17  hereto, a license to broker the interstate transportation of Plaintiff's goods.

18      7.    Plaintiff is informed, and believes, that Defendant A GOLDEN

19  HAND is a Colorado company authorized to conduct interstate moves within

20  the 48 contiguous United States, including California.

21      8.    Plaintiff is informed, and believes, that at all times relevant hereto,

22  Defendant A GOLDEN HAND represented itself to be NEIGHBORS disclosed

23  household goods agent as that term is defined by 49 U.S.C. 13907.  As such,

24  at all times relevant hereto, Plaintiff is informed, and believes, that

25  NEIGHBORS had a statutory, and common law, agency relationship with A

26  GOLDEN HAND which rendered NEIGHBORS responsible for all of A

27  GOLDEN HAND'S acts or omissions relating to the interstate transportation of

28  Plaintiff's household goods and effects.

NEMECEK & COLE<br>A PROFESSIONAL CORPORATION<br>15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS II E, CALIFORNIA 91403-5344<br>TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

2

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS & E. CALIFORNIA 91403-5344
TELEPHONE (818) 789-9500 FACSIMILE (818) 501-0328

1    9.    Plaintiff is further informed, and believes, that NEIGHBORS

2 directed, and continues to direct, and maintained control over A GOLDEN

3 HAND as to all aspects of the interstate transportation of Plaintiff's goods

4 including, but not limited to, the time that performance was to be rendered,

5 the price for the transportation services, the price for packing materials, the

6 manner that the services were to be rendered, the route that A GOLDEN

7 HAND was to utilize, and the packing, loading, and transportation services to

8 be rendered to Plaintiff.   Plaintiff paid NEIGHBORS directly for these services.

9 Plaintiff is also informed, and believes, that NEIGHBORS furnished A

10 GOLDEN HAND with uniforms, documents, and other materials emblazoned

11 with the NEIGHBORS name and mark to demonstrate, to Plaintiff and the

12 public at large, the fact of their agency relationship.

13    10.    Plaintiff is further informed, and believes, that at all times relevant

14 herein, both Defendants NEIGHBORS and A GOLDEN HAND represented

15 themselves to be motor carriers of household goods and personal property by

16 authority of the Surface Transportation Board and the I.C.C. Termination Act of

17 1995, 49 U.S.C. § 13101 *et seq.*

18    11.    Plaintiff is also informed, and believes, and thereon alleges, that

19 the true names and capacities, whether individual, corporate, associate or

20 otherwise, of the Defendants named herein as DOES 1 through 10, inclusive,

21 whether individual, corporate, associate, or otherwise, are unknown to Plaintiff

22 at the time of filing of this Complaint, and who therefore sue said Defendants

23 by such fictitious names.  Plaintiff will amend this complaint to allege the true

24 names and capacities of such DOES, together with such allegations as are

25 appropriate, when the same are ascertained.  Plaintiff is informed and

26 believes, and thereon alleges, that each of the DOE Defendants is in some

27 manner responsible for the events and happenings herein set forth and

28 proximately caused injury and damages to Plaintiff as herein alleged.

2305011F.15 FAC.wpd                                    **FIRST AMENDED COMPLAINT**

12.     Plaintiff alleges that at all relevant times each of the Defendants were the agent, employee, representative, co-conspirator, affiliate, alter ego and/or successor-in-interest of each of them, and of each other, and has, in such capacity or capacities, participated in the acts or conduct alleged herein. More specifically, A GOLDEN HAND was, at all times relevant hereto, the disclosed household goods agent for NEIGHBORS as that term is defined by federal law.  All allegations made herein shall apply to Defendants NEIGHBORS, A GOLDEN HAND and to unnamed DOE Defendants, as applicable.

13.     At all times herein mentioned, DOES 1 through 10, inclusive, and each of them, were individuals or business organizations of form unknown, authorized to conduct interstate moves within the 48 contiguous United States, including California.

## Subject Matter Jurisdiction

14.     This Court has Subject Matter Jurisdiction over this claim because it arises under the Carmack Amendment to the Interstate Commerce Act.  49 U.S.C. 14706.

## Venue

15.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim are believed to have occurred in this District.

## General Allegations

16.     At all times herein mentioned, NEIGHBORS, A GOLDEN HAND and DOES 1 through 10 , and each of them contracted with Plaintiff BUCHANAN to transport his household goods and effects from Florida to California.

17.     Plaintiff entered into a contract with NEIGHBORS for the interstate transportation of his goods from Florida to California.  NEIGHBORS

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS & E, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

4

1  represented to Plaintiff that it would perform all services relevant to said

2  transportation.   NEIGHBORS never indicated that it would "broker" Plaintiff's

3  move to any other entity - as such a representation would be illegal, since

4  NEIGHBORS did not have the requisite federal authority to "broker" the

5  transportation of household goods pursuant to 49 U.S.C. 13901 *et. seq*.

6  At all times, NEIGHBORS represented that it would be solely, and exclusively,

7  responsible for the transportation of Plaintiff's goods.

8       18.   On or about June 22, 2010, movers showed up to Plaintiff's house

9  in Miami Beach, Florida.  All of the movers were wearing t-shirts bearing the

10  name "NEIGHBORS VAN LINES".  At no point did the movers indicate that

11  they were employees of any entity other than NEIGHBORS.  Once the movers

12  were finished packing Plaintiff's property, they loaded the property on to their

13  truck and began the transport to Los Angeles, California.

14       19.   At least three (3) days after the movers had picked up and taken

15  custody and control of Plaintiff's property, he received a phone call from Mr.

16  Roni Levin, who represented himself as the owner of Defendant A GOLDEN

17  HAND.  It was not until this phone call that Plaintiff learned that NEIGHBORS,

18  without consent from Plaintiff or any indication that it would do so, hired A

19  GOLDEN HAND, to perform the packing and transportation of Plaintiff's

20  property.

21       20.   During this phone call, Roni Levin of A GOLDEN HAND, as a

22  disclosed household goods agent for NEIGHBORS, told Plaintiff that his goods

23  would not be delivered unless Plaintiff agreed to pay an amount in excess of

24  300% of the original estimate.  Mr. Levin further stated that if Plaintiff did not

25  make immediate payment, that A GOLDEN HAND would auction his goods.

26  / / /

27  / / /

28

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, E. CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

5

**FIRST AMENDED COMPLAINT**

21.    Upon receipt this phone call, Plaintiff contacted NEIGHBORS, which indicated that they did, in fact, utilize A GOLDEN HAND to transport Plaintiff's goods.  NEIGHBORS indicated that they had utilized A GOLDEN HAND before on other household goods shipments and had, on at least one occasion, encountered "problems with this agent."  Finally, NEIGHBORS offered to refund the down-payment made to NEIGHBORS by Plaintiff in hopes of resolving the controversy.

22.    Plaintiff is informed and believes that Defendant A GOLDEN HAND, as the disclosed household goods agent of NEIGHBORS, is still in physical possession of his goods and that NEIGHBORS is statutorily responsible for such conduct.

23.    Despite timely and repeated demands to NEIGHBORS and A GOLDEN HAND, both Defendants refuse to cooperate and release possession of Plaintiff's goods, which do not belong to them.

24.    Furthermore, both Defendants have refused to disclose the current whereabouts of Plaintiff's goods, which do not belong to them, and Defendant A GOLDEN HAND has compounded the problem by threatening to auction Plaintiff's goods if Plaintiff fails to pay  in excess of 300% of the original estimate to have the goods shipped.

### First Cause of Action for Conversion

25.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 of this First Amended Complaint as if fully set forth herein.

26.    Plaintiff is, and at all times relevant herein was, entitled to immediately possess his goods.

27.    Defendant A GOLDEN HAND, as the disclosed household goods agent of Defendant NEIGHBORS, wrongfully interfered, and continue to wrongfully interfere, with Plaintiff's interest in the subject goods by refusing to deliver and return the goods.  Instead, Defendant A GOLDEN HAND has

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS & E, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

6

**FIRST AMENDED COMPLAINT**

1   demanded in excess of 300% of the original estimate in order to release the
2   goods to Plaintiff's possession and also threaten to auction the goods if
3   Plaintiff refuses to pay the excessive amount.   Plaintiff has offered to pay the
4   amount of the original estimate, and Defendants have refused to accept same.

5       28.   While Defendants originally came into the possession of the
6   converted property legally, Defendant A GOLDEN HAND, as the disclosed
7   household goods agent of Defendant NEIGHBORS, then improperly retained
8   the property despite the demands by Plaintiff for the return of his property.

9       29.   All acts by Defendant A GOLDEN HAND were in actual, apparent,
10  and/or ostensible authority of its agency with Defendant NEIGHBORS.

11      30.   As a result of Defendants' acts of conversion, Plaintiff has been
12  damaged in the sum or sums to be proven at trial, including all compensatory
13  damages.

14      31.   Additionally, Plaintiff is entitled to immediate repossession of the
15  converted property and will seek such election of remedies at trial.  Plaintiff is
16  further entitled to compensation for the time and money expended in pursuit of
17  the property.

18      32.   In doing the acts herein alleged, Defendants, and each of them,
19  acted with oppression, fraud, malice and in conscious disregard of the rights of
20  Plaintiff and Plaintiff is therefore entitled to punitive damages according to
21  proof at time of trial.

22      **Second Cause of Action for Recovery of Personal Property**

23      33.   Plaintiff re-alleges and incorporate paragraphs 1-32 of this First
24  Amended Complaint as if fully set forth herein.

25      34.   Plaintiff has an ownership interest in each and every item of
26  personal property transported by Defendant A GOLDEN HAND, as the
27  disclosed household goods agent for Defendant NEIGHBORS, and Plaintiff
28  has a right to immediate possession thereof.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS & E. CALIFORNIA 91403-5344
TELEPHONE (818) 789-9500 FACSIMILE (818) 501-0328

35.    Said property is being wrongfully detained by Defendant A GOLDEN HAND, as the disclosed household goods agent of Defendant NEIGHBORS.   Defendant A GOLDEN HAND has refused to release Plaintiff's items of property, holding them hostage until Plaintiff pays in excess of the 300% estimate Plaintiff was quoted for the move by NEIGHBORS, and threatening to auction Plaintiff's goods.  Therefore, Plaintiff was forced to bring the present suit.

36.    Plaintiff has made several demands on Defendants to return said property or agree to accept the amount of the original estimate for services before this suit was filed, but Defendants have refused to do so.

37.    Plaintiff has sustained special damages as a result of the wrongful detention of said property by Defendants.

38.    The value of the property as claimed by its rightful owner is $103,000.00.

### Third Cause of Action for Fraud

39.    Plaintiff re-alleges and incorporate paragraphs 1-38 of this First Amended Complaint as if fully set forth herein.

40.    On or about May 15, 2010, Plaintiff entered into a written agreement with Defendant NEIGHBORS for the transportation, storage and delivery of Plaintiff's property from Florida to California.

41.    At the time of entering the agreement, Defendant NEIGHBORS indicated and falsely represented that it would pack and transport Plaintiff's property from Florida to California, and that it would not enlist any other carrier to assist in this regard.  Defendant NEIGHBORS made these representations knowing they were false.

42.    On June 22, 2010, when the movers showed up to Plaintiff's house in Miami Beach, Florida, they were wearing t-shirts bearing the name "NEIGHBORS VAN LINES", which were provided to the movers by Defendant

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS, & E. CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

8

2305011P.15 FAC.wpd

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

1  NEIGHBORS.  The movers and Defendant NEIGHBORS represented to

2  Plaintiff that the movers were in fact employees of NEIGHBORS.  Plaintiff later

3  learned, after he had relinquished possession of his property, that these

4  movers were not employees of NEIGHBORS, but instead, were employees of

5  Defendant A GOLDEN HAND, who was acting as the agent of Defendant

6  NEIGHBORS.

7       43.   Defendant NEIGHBORS further represented that it would

8  "personally" transport all of Plaintiff's goods from Florida to California for a sum

9  not to exceed $7,200.00.

10      44.   These representations were in fact false.  At the time of making the

11  false promise, Defendant NEIGHBORS had no intention of transporting

12  Plaintiff's goods without enlisting another carrier to do so.

13      45.   In addition, NEIGHBORS knew that it had provided a "low-ball"

14  estimate and had no intention of performing the services for the amount

15  quoted.  It also knew at the time that the promise was made, from its prior

16  dealings with A GOLDEN HAND, that there was no chance that it would honor

17  the amount quoted.

18      46.   Nonetheless, Defendant NEIGHBORS made these

19  representations, and provided the low-ball offer, with the sole intention of

20  inducing Plaintiff to entering into a contract with NEIGHBORS.  It never had

21  the intention to perform the contract on the terms quoted and always harbored

22  the hidden intent to utilize another carrier to perform the services.

23      47.   At the time Plaintiff acted, Plaintiff did not know the representations

24  were false and believed that they were true.

25      48.   Plaintiff acted in justifiable reliance upon the truth of the

26  representations.

27      49.   In justifiable reliance upon Defendant NEIGHBORS' conduct and

28  representations, Plaintiff was induced to tender his goods to Defendant

9

2305011P.15 FAC.wpd

1   NEIGHBORS.  At the time, and because of the false representations made by

2   Defendants, and each of them, Plaintiff did not know that he had actually

3   tendered his goods to Defendant A GOLDEN HAND, as the agent of

4   Defendant NEIGHBORS.

5        50.    Because of Plaintiff's reliance upon Defendants' conduct, Plaintiff

6   has been damaged in a sum in excess of the minimum jurisdiction of this

7   Court, plus the costs of the transportation, interest according to proof, all costs

8   allowable by law and the imposition of punitive damages in an amount to be

9   determined at trial.

10              **Fourth Cause of Action for Breach of  Contract**

11       51.    Plaintiff re-alleges and incorporate paragraphs 1-50 of this First

12   Amended Complaint as if fully set forth herein.

13       52.    As referenced above, Plaintiff entered into a contract with

14   Defendant NEIGHBORS for the interstate transportation of Plaintiff's

15   household goods and effects.

16       53.    Pursuant to said contract, Defendant NEIGHBORS was to

17   transport and deliver Plaintiff's property from Florida to California.  In

18   consideration therefor Plaintiff was to pay the transportation charges outlined

19   in the original estimate.

20       54.    Plaintiff has fully performed each and every condition, covenant

21   and obligation required on their part to be performed of the contract, except for

22   those acts that have been waived, prevented, delayed, or excused by

23   Defendant's breach thereof.

24       55.    As part of his obligations under the contract, Plaintiff paid $5,400

25   directly to Defendant NEIGHBORS prior to Plaintiff's property being packed

26   and transported.  The remaining balance of the original estimate was to be

27   paid upon delivery of the property in California.

28

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS & E, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**FIRST AMENDED COMPLAINT**

56.     Plaintiff is informed and believes, and based thereon alleges, that Defendant NEIGHBORS paid at least half of the $5,400 payment that it received from Plaintiff to Defendant A GOLDEN HAND, which - unbeknownst to Plaintiff -  it had enlisted to transport Plaintiff's goods. It was not until after Defendant A GOLDEN HAND, as the disclosed household goods agent of Defendant NEIGHBORS, refused to deliver Plaintiff's property that Plaintiff learned a portion of his original payment to Defendant NEIGHBORS had been given to Defendant A GOLDEN HAND.

57.     Defendant NEIGHBORS, by failing to transport and deliver Plaintiff's property to Los Angeles, California, as promised, breached the subject contract in material respect.

58.     As a direct, legal, and proximate result of Defendant NEIGHBORS breach of the contract, Plaintiff has suffered, and will continue to suffer, compensatory damages in an amount to be proven, plus interest according to proof, attorneys fees and all costs allowable by law to be determined by law.

**Fifth Cause of Action for Negligence**

59.     Plaintiff re-alleges and incorporate paragraphs 1-58 of this First Amended Complaint as if fully set forth herein.

60.     Defendants are in the  business of offering the public to carry property for hire.

61.     On or about June 22, 2010, Defendant A GOLDEN HAND, as the disclosed household goods agent of Defendant NEIGHBORS, undertook the custody and control of Plaintiff's property and rendered professional services, including but not limited to carrying, transporting and delivering Plaintiff's property for a fee.

62.     Defendants, and each of them, owed Plaintiff a duty of due care including using the utmost care and diligence for the safe carriage of Plaintiff's

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS & E. CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**FIRST AMENDED COMPLAINT**

2305011P.15 FAC.wpd

1  property and household goods, and to exercise a reasonable degree of skill in
2  the transportation and delivery of Plaintiff's goods to their intended destination.
3      63.   Defendants, and each of them so negligently, carelessly and
4  recklessly provided services to Plaintiff in that they failed to use the utmost
5  care and skill in transporting and delivering Plaintiff's goods to California and,
6  in fact, Defendant A GOLDEN HAND, as the agent of Defendant
7  NEIGHBORS, has not yet delivered the goods entrusted in their care.
8      64.   To date, Defendant A GOLDEN HAND, as the agent of Defendant
9  NEIGHBORS, continues to hold Plaintiff's goods and claim it will not deliver
10 Plaintiff's goods until Plaintiff pays in excess of 300% of the original estimate
11 for same.
12     65.   In addition, NEIGHBORS had a statutory duty, pursuant to 49
13 U.S.C. 13907 (b) to use due diligence and reasonable care in selecting and
14 maintaining agents who are sufficiently knowledgeable, fit, willing, and able to
15 provide adequate household goods transportation services (including
16 accessorial and terminal services) and to fulfill the obligations imposed upon
17 them by this part and by such carrier.  NEIGHBORS breached that duty to
18 Plaintiff by selecting, maintaining, and retaining A GOLDEN HAND as its
19 disclosed household goods agent - an agent, by NEIGHBORS prior admission,
20 that it had "prior problems" with.
21     66.   As a direct and proximate result of the negligence, carelessness
22 and recklessness in failing to use the utmost care and skill in transporting and
23 delivering Plaintiff's goods, Plaintiff does not have possession or use of his
24 property.
25     67.   Plaintiff sustained damages in a sum to be shown according to
26 proof for Defendants' failure to deliver their goods, plus the costs of the
27 transportation, interest according to proof and all costs allowable by law to be
28 determined at trial.

12

**FIRST AMENDED COMPLAINT**

2305011P.15 FAC.wpd

## Sixth Cause of Action for Violation of Federal Regulation

## (49 C.F.R. 375.703(b))

68.    Plaintiff re-alleges and incorporate paragraphs 1-67 of this First Amended Complaint as if fully set forth herein.

69.    On or about May 15, 2010, Defendant NEIGHBORS provided Plaintiff with an estimate of costs to move Plaintiff's property from Florida to California.

70.    In compliance with the contract to ship Plaintiff's goods for the amount set forth in said estimate, Plaintiff has offered to pay an additional $2,500 which exceeds the total amount set forth in the original estimate. Despite this offer, Defendant A GOLDEN HAND, as the agent of Defendant NEIGHBORS, refuses to deliver Plaintiff's goods unless Plaintiff pays an amount in excess of 300% of the agreed to estimate.

71.    Defendants, and each of them, have violated 49 C.F.R. 375.703(b) by failing to agree to deliver the subject goods upon Plaintiff's offer to tender 110% of the original estimate for delivery and instead threaten to auction Plaintiff's goods.

72.    Plaintiff sustained damages in a sum to be shown according to proof, plus the costs of the transportation, interest according to proof and all costs allowable by law to be determined at trial.

## Seventh Cause of Action for Business and Professions Code section

## 17200

73.    Plaintiff re-alleges and incorporate paragraphs 1-72 of this First Amended Complaint as if fully set forth herein.

74.    Defendants have, as a matter of custom, routine, practice and corporate policy, failed to comply with Federal Regulations 49 C.F.R. 375.409 and 49 C.F.R. 375.703(b); regarding failure to deliver goods upon shipper's agreement to tender 110% of the original estimate provided.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS 8, E, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500   FACSIMILE (818) 501-0328

13

2305011P.15 FAC.wpd

75.    Defendants have also, as a matter of custom, routine, practice and corporate policy, engaged in the unauthorized transportation of household goods in interstate commerce in clear violation of the Carmack Amendment.

76.    By consistently and habitually following the above described illegal practices and violations of federal law, Defendants engaged and continues to engage in an unfair and unlawful business practice, in violation of Business & Professions Code Section 17200, *et seq.*

77.    Plaintiff brings this action in their representative capacity on behalf of all members of the California general public to whom Defendants owe restitution as a result of the unlawful and unfair business practices complained of herein.  Plaintiff seeks restitution from Defendants for all benefits that they received from the general public as a result of their unlawful and unfair business practices complained of herein, including the failure to deliver goods upon shipper's tender of 110% of original estimate.  This restitution will be paid directly to the injured parties in a manner approved by the Court, pursuant to Business & Professions Code section 17200, *et seq.*

## Eighth Cause of Action for Violation of Carmack Amendment
### (49 U.S.C. 14706)

78.    Plaintiff re-alleges and incorporate paragraphs 1-77 of this First Amended Complaint as if fully set forth herein.

79.    Defendant NEIGHBORS contracted with Plaintiff to transport Plaintiff's household goods in interstate commerce from Florida to California.

80.    Pursuant to the contract with Defendant NEIGHBORS, on about June 22, 2010, Plaintiff tendered each and every item of personal property in good condition to NEIGHBORS disclosed household goods agent, A GOLDEN HAND, for transport in interstate commerce.

/ / /

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS & E, CALIFORNIA 91403-5304
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

14

2305011P.15 FAC.wpd

81. All items tendered to NEIGHBORS and A GOLDEN HAND, were in good condition at the time they were tendered.

82. None of the items entrusted to NEIGHBORS and A GOLDEN HAND have been delivered to Plaintiff despite repeated demands for them to do so.

83. Due to Defendant A GOLDEN HAND's refusal to deliver Plaintiff's property, as the agent of Defendant NEIGHBORS, Plaintiff has been damaged in excess of the minimum jurisdiction of this Court, plus the costs of the transportation, interest according to proof, attorney fees and all costs allowable by law.

## Ninth Cause of Action for Negligent Hiring

### (Against Defendant NEIGHBORS)

84. Plaintiff re-alleges and incorporate paragraphs 1-83 of this First Amended Complaint as if fully set forth herein.

85. Although not requested, authorized or licensed to do so, Defendant NEIGHBORS hired Defendant A GOLDEN HAND to transport the property to California. Defendant NEIGHBORS breached their duty of care owed to Plaintiff by failing to reasonably investigate Defendant A GOLDEN HAND's skill and reputation with regards to Defendant A GOLDEN HAND's ability to conduct an interstate transportation of household goods.

86. Plaintiff is further informed and believes, and thereon alleges, that Defendant NEIGHBORS had previously conducted business with Defendant A GOLDEN HAND, and was therefore aware that Defendant A GOLDEN HAND did not possess the requisite skill to conduct the subject move. Accordingly, Defendant NEIGHBORS knew or should have known that Defendant A GOLDEN HAND had previously engaged in "hostage goods" tactics identical to the one at issue herein - wherein a "low ball" bid was used to secure a

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS & E, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

**FIRST AMENDED COMPLAINT**

2305011P.15 FAC.wpd

1  shipper's business and then the actual price was 200 to 300 percent of the

2  amount originally quoted.

3      87.    As part of Defendant NEIGHBORS' duty of reasonable care owed

4  to Plaintiff, Defendant NEIGHBORS was required to use the utmost care and

5  diligence in hiring a third-party to transport Plaintiff's property from Florida to

6  California.  This duty includes, but is not limited to, carefully selecting, hiring,

7  and retaining the third-party carrier.  A simple review of A GOLDEN HAND's

8  complaint history on the Federal Motor Carrier Safety Administration Website

9  would have reviewed A GOLDEN HAND's checkered past. Defendant

10  NEIGHBORS breached its duty by failing to perform said obligations.

11      88.    Said breaches were the actual, proximate and legal cause of

12  Defendant A GOLDEN HAND's tortious actions and harmful misconduct,

13  including but not limited to failing to deliver Plaintiff's property on the previously

14  agreed upon date and refusing to deliver Plaintiff's property unless Plaintiff

15  paid more than 300% of the original estimate.

16      89.    As a direct, legal, and proximate result of Defendant NEIGHBOR's

17  breach of its duty of care, Plaintiff has suffered, and will continue to suffer,

18  compensatory damages in an amount to be proven, plus interest according to

19  proof.

20                    **Demand for Jury Trial**

21      90    Plaintiff hereby demands trial by jury.

22  WHEREFORE, Plaintiff prays for judgment Defendants as follows:

23      1.    For damages according to proof, but not less than $103,000.00;

24      2.    Alternatively, for damages and repossession of the converted

25            property upon election of remedies at trial by Plaintiffs;

26      3.    For compensation for the time and money expended in pursuit of

27            the property;

28

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAS 8 E, CALIFORNIA 91403-5334
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

**FIRST AMENDED COMPLAINT**

2305011P.15 FAC.wpd

4.  For an order stating that Plaintiff is entitled to immediate possession of said property and directing the clerk to issue a writ of possession.

5.  For reimbursement of the costs of the transportation;

6.  For interest according to proof;

7.  For punitive and exemplary damages;

8.  For reasonable attorneys' fees;

9.  For costs of suit; and

10. For such other and further relief that is proper and just and that the Court deems fair and equitable.

Dated: December 20, 2010

NEMECEK & COLE

By: _____

GREGG S. GARFINKEL
CRAIG S. WEINSTEIN
Attorneys for Plaintiff
RUSSELL BUCHANAN

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS & E. CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**FIRST AMENDED COMPLAINT**

2305011P.15 FAC.wpd

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

4

5

On December 20, 2010, I served the document described as **FIRST AMENDED COMPLAINT FOR (1) CONVERSION; (2) RECOVERY OF POSSESSION OF PERSONAL PROPERTY; (3) FRAUD; (4) BREACH OF CONTRACT; (5) NEGLIGENCE; (6) VIOLATION OF FEDERAL REGULATION (49 C.F.R. 375.703(B); (7) VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200; (8) VIOLATION OF CARMACK AMENDMENT (49 U.S.C. § 14706); AND (9) NEGLIGENT HIRING; DEMAND FOR JURY TRIAL** upon the interested parties in this action in sealed envelopes addressed as follows:

6

7

8

9

10

Ron Levin
A Golden Hand Moving
9437 E. Colorado Avenue
Denver, CO 80247
Fax: 303/745-3212

Marcus Aguirre, Esq.
Gibbs, Giden, Locher, Turner & Senet, LLP
1880 Century Park East, 12th Floor
Los Angeles, CA 90067-1621
Fax: 310/552-0805

11

12

13

Lottie Cohen, Esq.
Law Office of Lottie Cohen, APC
3637 Motor Avenue, Suite 360
Los Angeles, CA 90034-4883
Fax: 310/204-0095

14

15

16

<u>x</u>    **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

17

18

19

20

Executed on December 20, 2010, at Sherman Oaks, California.

21

<u>X</u>    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

24

MICHELLE SHAPIRO

25

26

27

28

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS & E. CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

proof.wpd

1

PLAINTIFF'S OPPOSITION