**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#47**
**Feb. 14 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | February 10, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Lottie Cohen's Motion to be Relieved as Counsel Without Prejudice

Pending before the Court is Lottie Cohen's motion to be relieved as counsel for Defendant A Golden Hand Moving and Storage, LLC. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I. Background

On August 19, 2010, Plaintiff Russell Buchanan ("Plaintiff") filed a complaint against Defendants Neighbor Van Lines and A Golden Hand Moving and Storage, LLC ("Golden Hand"). *See Compl.* Defendant Golden Hand retained Lottie Cohen as counsel. *See* Dkt. #31. On November 4, 2010, Golden Hand filed a "request for approval of substitution of attorney," which was signed by both Golden Hand and Lottie Cohen. *See* Dkt. #36. On November 8, 2010, the Court denied Defendant's request. *See* Dkt. #37. On January 5, 2011, Lottie Cohen filed the pending motion to be relieved as counsel, claiming that Golden Hand has failed to pay her legal fees pursuant to their representation agreement. *See* Dkt. #47.

II. Legal Standard

Under the United States District Court for the Central District of California's Local Rules, a party who has previously appeared by an attorney may not subsequently appear or act *pro se* except upon order of the court after notice has been given to that party's attorney and any other

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#47
Feb. 14 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | February 10, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al*. | | |

parties appearing in the action. Local Rule 83-2.9.1. Moreover, "an attorney may not withdraw as counsel except by leave of court." Local Rule 83-2.9.2.1. "An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id*. When an attorney requests to withdraw from representing a corporation, she "shall give written notice to the corporation . . . of the consequences of its inability to appear *pro se*." Local Rule 83-2.9.2.3. This is required because a corporation may not appear *pro se*. Local Rule 83-2.10.1.; *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993).

III.   Discussion

Ms. Cohen's motion and supporting declaration does not show that she complied with the Local Rules and that withdrawal is justified. While Ms. Cohen provided Golden Hand with notice of her intent to withdraw, *see* Dkt. #36, the record before the Court does not indicate that she gave Golden Hand written notice of the consequences of her withdrawal as required by Local Rule 83-2.9.2.3. Ms. Cohen did not attach a copy of any written notice to Golden Hand explaining the consequences of her withdrawal, nor did she state in her declaration that such notice was given. Thus, Ms. Cohen's failure to satisfy the applicable Local Rules governing withdrawal as counsel requires that the Court deny her motion.

IV.   Conclusion

For the foregoing reasons, the Court DENIES Lottie Cohen's Motion to be Relieved as Counsel for Defendant Golden Hand WITHOUT PREJUDICE.

**IT IS SO ORDERED.**