O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING in part and DENYING in part Defendant Neighbors Van Lines' motion for summary judgment against Plaintiff; GRANTING in part and DENYING in part Plaintiff's motion for summary judgment against Defendant A Golden Hand Moving; and DENYING Defendant A Golden Hand Moving's motion for amendment of admissions.**

Before the Court are Defendant Neighbor's Van Lines' motion for summary judgment, Plaintiff Russell Buchanan's motion for summary judgment, and Defendant A Golden Hand Moving's motion for amendment of admissions. A hearing on the motions was held on October 11, 2011. After considering the papers submitted in support of and in opposition to the motion, the Court GRANTS in part and DENIES in part Defendant Neighbor's Van Lines' motion, GRANTS in part and DENIES in part Plaintiff's motion, and DENIES Defendant A Golden Hand Moving's motion.

I.   Background

This action arises from Plaintiff Russell Buchanan's ("Plaintiff") cross-country move from Florida to California. Plaintiff presents evidence Defendant Neighbors Van Lines ("NVL") provided Plaintiff with a $7,200 estimate and scheduled a date for the move. *See Buchanan Opp. Decl.* ¶¶ 5, 6, Ex. A. However, it was a second moving company – A Golden Hand Moving ("Golden Hand") – that packed, loaded and moved Plaintiff's items. *See Buchanan Opp. Decl.* ¶ 8; *Levin Decl.* ¶¶ 2, 3. The relationship between NVL and Golden Hand is

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

disputed. *See NVL Mot.*; *Pl. Opp.* Golden Hand ultimately demanded payment of a sum three times the amount of NVL's original estimate. *See Buchanan Opp. Decl.* ¶ 14; *Pl. Opp.* 14:15-16. Plaintiff refused to pay this amount and Golden Hand retained and continues to retain possession of Plaintiff's goods. *See Buchanan Opp. Decl.* ¶¶ 21, 22.

On March 28, 2011, Plaintiff filed a Second Amended Complaint alleging: (1) conversion; (2) entitlement to a writ of possession[1]; (3) fraud; (4) breach of contract; (5) negligence; (6) violation of 49 C.F.R. 375.703(b); (7) violation of California Business and Professions Code § 17200; (8) violation of 49 U.S.C. § 14706; and (9) negligent hiring. *See SAC*, Dkt. # 73.

On August 8, 2011, Plaintiff filed a motion for summary judgment against Golden Hand arguing no genuine issues of material fact exist regarding Plaintiff's writ of possession, fraud, and violation of 49 C.F.R. 375.703(b) claims. *See Pl. Mot.* 3:3-23. Golden Hand filed an untimely opposition on September 21, 2011, just five days before the date scheduled for a hearing on Plaintiff's motion. *See* Dkt #113, 114. Golden Hand also filed a motion for amendment of admissions in connection with its untimely opposition. *See id.*

On August 9, 2011, NVL filed an independent motion for summary judgment against Plaintiff on all claims. *See* Dkt #98.

II.     Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a

---

[1] Plaintiff refers to this claim as "Recovery of Personal Property," however, Plaintiff clarified at the March 14, 2011, hearing regarding his First Amended Complaint that this is really a claim for a writ of possession. *See* Dkt #71, 72.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed, must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c)(4).

III.   Discussion

The Court first addresses NVL's motion for summary judgment against Plaintiff, followed by Plaintiff's motion for summary judgment against Golden Hand.

A.   Defendant NVL's motion for summary judgment against Plaintiff

NVL moves for summary judgment on all of the claims in Plaintiff's Second Amended Complaint. Each will be addressed in turn, but the Court first focuses on two issues common to multiple claims. Namely, whether Plaintiff raises triable issues of fact demonstrating that Golden Hand acted as NVL's agent, and whether Plaintiff raises triable issues of fact showing NVL may have operated as a broker, rather than as a carrier, for Plaintiff's move.

1)   Whether Golden Hand acted as NVL's agent

A main consideration in the pending motion for summary judgment is the nature of the agency relationship that existed between NVL and Golden Hand. NVL concedes that an agency relationship existed, but argues Plaintiff knew Golden Hand was acting as the principal. *See NVL Mot.* 17:9-18:2. Plaintiff argues triable issues of fact exist indicating Golden Hand

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

operated as NVL's agent at common law and pursuant to 49 U.S.C. § 13907 ("Household goods agents"). *See Pl. Opp.* 8:3-6, 9:16-18.

Under California Law,[2] an agent is "one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. "The existence of an agency relationship is a factual question for the trier of fact…only when the essential facts are not in conflict will an agency determination be made as a matter of law." *Garlock Sealing Techs, LLC v. NAK Sealing Techs Corp.*, 148 Cal. App. 4th 937, 965, 56 Cal. Rptr. 3d 177 (2007) (internal citations and quotations omitted); *see also Moore v. La Habra Relocations, Inc.*, 501 F. Supp. 2d 1278 (C.D. Cal. 2007) (applying general agency principles to a Carmack Amendment claim under 49 U.S.C. § 13907).

"An agency is either actual or ostensible." Cal. Civ. Code § 2298. An "ostensible agency" is formed when the principal "intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." *See Garlock*, 148 Cal. App. 4th at 965 (quoting Cal. Civ. Code § 2300). "The theory of the California courts has been that ostensible agency rests on the principle of estoppel, and the cases treat ostensible agency and agency by estoppel as the same." 3 Witkin, Summary of Cal. Law (10th ed. 2005), Agency § 96; *see Preis v. Am. Indem. Co.*, 220 Cal. App. 3d 752, 761, 269 Cal. Rptr. 617 (1990). Ostensible agency arises out of the conduct of the principal. *Rep. of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 480 (9th Cir. 1991).

Plaintiff produces evidence sufficient to raise a triable issue of fact that Golden Hand operated as NVL's ostensible agent. Resolving the disputed facts in Plaintiff's favor, the following facts support a showing that NVL intentionally, or by want of ordinary care, caused Plaintiff to believe the movers who arrived at his home were authorized by or affiliated with NVL.

---

[2] NVL argues once in its motion for summary judgment that "[t]here is no evidence of NVL ever having presence or conduct in California to expose it to California's state-law remedies." *NVL Mot.* 16:15-19. This issue is raised only in opposition to Plaintiff's Cal. Bus. & Prof. Code § 17200 claim. NVL does not argue Florida law should be applied to Plaintiff's common law fraud, conversion, negligence, writ of possession, and breach of contract claims, and relies on and analyzes each of these claims under California law.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

    NVL, through its employee, came to Plaintiff's home in May 2010 and provided Plaintiff with a written estimate bearing NVL's name and logo, as well as a description of carrier liability. *See Buchanan Opp. Decl.* ¶ 2, Ex A. NVL represented that it would personally perform all of the moving services. *See id.* ¶ 6. Plaintiff paid, and NVL accepted, an initial payment of $5,400 prior to the move and in accordance with NVL's original estimate. *See id.* ¶ 11. NVL did not inform Plaintiff that Golden Hand would complete the move, and did not seek Plaintiff's permission to assign the move to Golden Hand. *See id.* ¶ 8. On the same date that NVL was scheduled to begin the move, movers wearing "Neighbors" t-shirts arrived at Plaintiff's house. *See id.* ¶ 7-8, Ex. A; *See Van't Rood. v. County of Santa Clara*, 113 Cal. App. 4th 549, 573, 6 Cal. Rptr. 3d 746 (2003) (noting ostensible agency may be proven by circumstantial evidence). The movers did not conduct a second inspection of the goods or provide Plaintiff with a revised estimate. *See Buchanan Opp. Decl.* ¶ 7. The bill of lading Plaintiff signed bearing Golden Hand's logo was blank, giving Plaintiff the impression NVL's original estimate still governed the terms of his move. *See id.* ¶ 10, Ex. B. Plaintiff was not presented with and did not sign any other forms bearing Golden Hand's logo. *See id.* ¶¶ 14, 15, 16, 17, 19, 20. Because the above supports a showing that NVL caused Plaintiff to believe the movers who arrived were employed by NVL, either intentionally or by want of ordinary care, Plaintiff raises a triable issue of fact regarding whether Golden Hand acted as Plaintiff's ostensible agent.

    A closer question is presented regarding whether Plaintiff has shown that Golden Hand operated as NVL's actual agent. "An agency is actual when the agent is really employed by the principal." Cal. Civ. Code § 2299. Normally, agency is created by an express contract or authorization. 3 Witkin, Summary of Cal. Law (10th ed. 2005), Agency § 92. However, an agreement may also be implied from the circumstances and conduct of the parties. *See id.* The essential elements of an agency relationship are: (1) that the agent or apparent agent holds power to alter legal relations between the principal and third persons and between the principal and himself; (2) that the agent is a fiduciary with respect to matters within the scope of the agency; and (3) that the principal has the right to control the conduct of the agent with respect to matters entrusted to him. *See Palomares v. Bear Sterns Residential Mortg. Corp.*, No. CV 07-1899 WQH (BLMx), 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008) (citing *Garlock*, 148 Cal. App. 4th at 965); *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 541, 99 Cal. Rptr. 2d 824 (2000) (noting that "[c]ontrol is the key characteristic....")).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

In the context of Carmack, a defendant may be "subject to agency liability if its actions 'were not limited to arranging transport, but also exerting some measure of control.'" *Contessa Premium Foods, Inc. v. CST Lines, Inc.*, No. CV 10-7426 RSL (FFMx), 2011 WL 3648388, at *5 (C.D. Cal., Aug. 18, 2011) (citation omitted). In *Contessa,* the Court noted that the defendant provided specific instructions concerning the manner and means by which the load should be carried. *See id.* The instructions directed the purported agent to carry the load at a specified temperature, make daily "check calls" to the defendant, and sign all papers using the defendant's name. *See id.* The Court reasoned that "such detailed instructions [were] indicative of the control [the defendant] exerted over" the purported agent. *See id.* Accordingly, the court concluded that defendant could be liable under agency principles even though he had never signed the Motor Carrier Agreement. *See id.*

Even when viewed in the light most favorable to Plaintiff, NVL's instructions to Golden Hand were not sufficiently comprehensive or ongoing to demonstrate that NVL and Golden Hand assented to NVL's continuing right to control the execution of the shipment. Although Golden Hand "agreed to service the shipment" and "committ[ed] to the same price terms as those agreed by Plaintiff and NVL," the record does not reflect that NVL controlled the "manner and means of the shipment." *See Massaro Decl.* ¶ 3; *Contessa*, 2011 WL 3648388, at *5. Unlike *Contessa,* NVL did not require Golden Hand to carry the load according to certain specifications, sign papers using NVL's name, or check in with NVL over the course of the route. Because the facts do not indicate that Golden Hand assented to NVL's control beyond arranging transport, the Court finds Plaintiff fails to raise a triable issue of fact regarding whether Golden Hand operated as NVL's actual agent.

2) <u>Carrier v. Broker</u>

NVL seeks summary judgment on each of Plaintiff's state law claims arguing, *inter alia*, that NVL is a "carrier" within the meaning of the Carmack Amendment to the Interstate Commerce Act. *See NVL Mot.* 5:18-6:18; 49 U.S.C. § 14706. The Carmack Amendment absolutely preempts all state common law claims against carriers. *See Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (holding that the Carmack Amendment preempts all state tort and contract actions against a common carrier for damage to goods in interstate commerce). Plaintiff acknowledges this, but argues triable issues of fact prevent a determination as a matter of law that NVL "was a common carrier of – versus a broker for –

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

[Plaintiff's] interstate move." *See Pl. Opp.* 5:6-11, 6:17-18. Plaintiff further argues the Carmack Amendment does not apply to brokers, and thus Plaintiff's state law claims would not be preempted if it is determined that NVL acted as a broker. *See Pl. Opp.* 5:12, 6:16-19; *Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068-69 (C.D. Cal. 2002) (noting "the Carmack Amendment does not apply to brokers....Consequently, most courts hold that brokers may be held liable under state tort or contract law in connection with shipments."); *see also SunOpta Global Organic Ingredients, Inc. v. C.H. Robinson Worldwide, Inc.*, No. CV10-311 (LRS), 2011 WL 1532063, *2-*3 (E.D. Wash., Apr. 21, 2011); *Travelers Property Cas. Co. of Am. v. Legacy Transp. Services,* No. C 10-00505 JSW, 2010 WL 1463574, *3 (N.D. Cal., Apr. 13, 2010).

Under the Carmack Amendment, a "motor carrier" is defined as a person providing motor vehicle transportation for compensation. 49 U.S.C. § 13102. A "household goods motor carrier" is defined as a motor carrier that, in the ordinary course of business, offers, among other examples, binding and nonbinding estimates and loading and unloading at personal residences. *See id.* § 13102(12)(A)(i)-(iv). A "broker" is defined as "a person, other than a motor carrier…that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." *Chubb*, 243 F.Supp.2d at 1069 n.4 (quoting 49 U.S.C. § 13102(2)). The Code of Federal Regulations further adds that "[m]otor carriers, or persons who are employees or bona fide agents of carriers, are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2.

The Court first considers whether a licensed carrier may be determined to have acted a broker for a particular transaction. Plaintiff argues that NVL's status as a carrier or a broker is determined by "what is done rather than by corporate character or declared purposes," and that NVL is therefore not entitled to the Carmack Amendment's protection unless it acted as the carrier for Plaintiff's move. *See Pl. Opp.* 5:21-6:3 (quoting *Mass v. Braswell Motor Freight Lines, Inc.*, 577 F.2d 665, 666 (9th Cir. 1978) (holding that where the defendant, a licensed common carrier, was prohibited by ICC ruling from acting as a common carrier of articles of "unusual value," but nonetheless accepted a shipment of valuable goods, defendant was still a common carrier for that shipment). While the quoted language supports a holding that those providing common carrier services will be deemed common carriers irrespective of what they

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

call themselves, it does not necessarily support the inverse inference, *i.e.* that Congress intended for carriers to loose their carrier status merely by referring jobs to agents:

> "Professor Williston in his treatise on contracts sets forth the applicable law: 'The law determines common carrier status by what is done rather than by corporate character or declared purposes, and so long as the service is actually rendered on a public basis, lack of authority so to operate, disclaimer or subterfuges designed to simulate private carriage will not absolve the proprietor from the duties of a common carrier.'"

*Mass*, 577 F.2d at 667 (quoting 10 Williston, Contracts § 1071(B), at 12 (3rd ed. 1967) (citations omitted).

Plaintiff does not cite to, and this Court has been unable to find, any published precedent from this Circuit squarely holding that a licensed motor carrier may nonetheless be determined to have acted as a broker. *Cf. Chubb*, 243 F. Supp. 2d at 1067 (holding the Carmack Amendment did not preempt state law claims against a licensed property broker that acted as a "middleman" between shippers and prospective truckers); *FNS, Inc. v. Bowerman Trucking, Inc.*, No. 09-CV-0866 IEG (PCL), 2010 WL 532421, *3-*4 (S.D. Cal., Feb. 9, 2010) (noting a defendant who contracted to provide transportation services and then assigned the shipment to its agent might present "an issue of material fact as to whether [the defendant] acted as a 'carrier' or a 'broker,'" but dismissing the state claims because Plaintiff failed to materially plead that defendant was a broker); *KLS Air Express, Inc. v. Cheetah Transp. LLC*, No. CIV S-05-2593 FCD (DAD), 2007 WL 2428294, *3-*5 (E.D. Cal., Aug. 23, 2007) (holding the existence of a genuine issue of material fact regarding whether the defendant, a licensed carrier, acted as a broker or a motor carrier precluded summary judgment regarding the applicability of the Carmack Amendment); *CGU Intern. Ins., PLC v. Keystone Lines Corp.*, No. C-02-3751 SC, 2004 WL 1047982, *2 (N.D. Cal., May 5, 2004) (looking to the course of dealing between the parties to determine whether a defendant qualified as a carrier, as opposed to a broker).

The weight of the above authority suggests that a licensed carrier may nonetheless be determined to have acted as a broker for a particular transaction. Likewise, in *Chubb*, though the parties acknowledged the defendant was a licensed property broker, the Court did note that "it [was] important to ascertain first whether [defendant] was acting as a 'carrier' or as a 'broker' *in*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

*this transaction.*" *Chubb*, 243 F. Supp. 2d at 1069 (emphasis added). Accordingly, the Court next considers whether Plaintiff, in this case, raises triable issues of fact regarding whether NVL acted as a broker.

NVL argues that the mere existence of an agency relationship and a referral system does not change it from a carrier to a broker. *See NVL Reply* 2:25-5:1. In *CGU Intern. Ins. v. Keystone Lines Corp.*, the Court looked to the language of 49 C.F.R. § 371.2 and noted that the "crucial distinction is whether the party legally binds itself to transport, in which case it is considered a carrier." *See* 2004 WL 1047982, at *2; 49 C.F.R. § 371.2(a). "That is, if [defendant] accepted responsibility for ensuring delivery of the goods, regardless of who actually transported them, then [defendant] qualifies as a carrier. If however [defendant] merely agreed to locate and hire a third party to transport the [goods], then it was acting as a broker." *See CGU*, 2004 WL 1047982, at *2.

If it is established at trial that NVL promised to perform the move personally and therefore legally bound itself to transport, the aforementioned authority suggests that NVL should be considered a carrier for Plaintiff's move. *See CGU*, 2004 WL 1047982, at *2. So too would a showing that NVL entered into an agreement with Plaintiff identifying itself as a "carrier." *See Contessa*, 2011 WL 3648388, at *3. On the other hand, NVL disputes that it promised to perform Plaintiff's move personally and that it entered into an agreement with Plaintiff to transport Plaintiff's goods. Rather, NVL maintains that it outsourced the job to Golden Hand with the clear intent that Golden Hand perform the move, and that it has never accepted responsibility for, nor been in possession of, Plaintiff's goods. *See Massaro Decl.* ¶¶ 3, 4. This, in turn, supports a determination that NVL acted as a broker, as does the fact that NVL assigned 28 jobs to Golden Hand during a fifteen-week period. *See CGU*, 2004 WL 1047982, at *2; *Garfinkel Opp. Decl.*, Ex. A at p. 3-5. Accordingly, the Court concludes that the question of whether NVL acted as a broker or a carrier for plaintiff's move is properly resolved by a jury.

However, as the Court noted in its November 29, 2010 Order dismissing Plaintiff's original Complaint, Plaintiff's argument that NVL is a mere "broker" has legal implications. Specifically, "a broker is only liable for its own conduct or for negligently hiring a carrier, once the carrier has been selected." *Buchanan v. Neighbors Van Lines,* No. CV 10-6206 PSG (RCx), 2010 WL 4916644, *3 (C.D. Cal., Nov. 29, 2010) (citing *Chubb*, 243 F. Supp. 2d at 1071); *see also KLS Air Express, Inc.*, 2007 WL 2428294, at *5 ("In general, courts have held that a broker's duty to a shipper is limited to arranging for transportation with a reputable carrier.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

Duties "relat[ed] to events that occurred after the carrier had been hired and during the course of the shipment itself, as opposed to [the defendant's] activities in selecting the carrier" are not applicable to brokers. *See Chubb*, 243 F. Supp. 2d at 1071.

With this in mind, the Court considers NVL's motion.

> 3) Plaintiff's Federal Claims pursuant to 49 U.S.C. § 14706, 49 U.S.C. § 13907 and 49 C.F.R. § 375.703(b)

Under the Carmack Amendment, carriers are liable to shippers for actual loss or injury to the property occurring during shipment. *See* 49 U.S.C. § 14706; *Mass*, 557 F.3d at 667. "The Plaintiff need not prove negligence." *Chubb,* 243 F. Supp. 2d at 1068. However, the Carmack Amendment is the exclusive cause of action for claims against a carrier based on delay, loss, damage, or failure or refusal to deliver goods. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). Liability can be imposed on a "receiving carrier," a "delivering carrier" or "another carrier" of the goods that are damaged. *See* 49 U.S.C. § 14706(a)(1). Likewise, 49 U.S.C. § 13907(a) makes a motor carrier liable for the acts and omissions of its household goods agents "which relate to the performance of household goods transportation services…and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier." *See* 49 U.S.C. § 13907(a).

Finally, the Code of Federal Regulations provides that on a non-binding estimate, the maximum amount of money an interstate carrier of household goods can collect on delivery is 110 percent of the estimate, "plus charges for any additional services requested by the shipper after the bill of lading has been issued and charges, if applicable, for impracticable operations as defined in [the] carrier tariff." 49 C.F.R. § 375.703(b).

NVL attacks Plaintiff's Carmack Amendment claims collectively by arguing Plaintiff contracted with Golden Hand by signing an order for service, revised written estimate, household goods descriptive inventory list, and bill of lading, thereby rescinding any agreement that existed between NVL and Plaintiff. *NVL. Mot.* 15:13-21. Because the shipping contract was between Golden Hand and Plaintiff alone, NVL was not the carrier for Plaintiff's move and cannot be held liable under the Carmack Amendment. *See id.* However, as noted above, Plaintiff raises triable issues of fact regarding whether NVL held Golden Hand out as its

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

ostensible agent, thereby exposing NVL to liability under 49 U.S.C. § 13907(a). Moreover, Plaintiff disputes the authenticity of the documents that purportedly form the superseding agreement between Golden Hand and himself. *See Pl. Opp.* 8:15-9:2. Accordingly, triable issues of fact preclude entry of summary judgment on Plaintiff's Carmack Amendment claims.

NVL next argues that Plaintiff's tender of only $7,920 cannot establish liability under 49 C.F.R. § 375.703(b), as that sum does not equal 110 percent of the applicable $23,340 revised written estimate. *See NVL Mot.* 16:9-10. Plaintiff, in turn, disputes the authenticity of the revised estimate and argues NVL's original $7,200 estimate governs. *See Pl. Opp.* 8:15-9:2, 13:12-18; *Buchanan Opp. Decl.* ¶¶ 7, 11, 21, Ex. A. Because NVL's liability hinges on the disputed authenticity of the revised written estimate, Plaintiff's 49 C.F.R. § 375.703(b) claim is properly left to the jury.

 4) <u>Plaintiff's Negligence and Negligent Hiring claims under State and Federal Law</u>

As a threshold matter, the Court notes that to the extent Plaintiff asserts NVL is liable as a carrier-principal for the negligent acts of its household goods agent, that claim is preempted by the Carmack Amendment. *See Hall*, 476 F.3d at 689 ("[T]he Carmack Amendment require[s] the dismissal of a common law negligence claim against a carrier.") (citation omitted). Accordingly, if Plaintiff is to recover in negligence under California state law, he must recover as a broker under a theory of negligent hiring. *See Chubb*, 243 F. Supp. 2d at 1071; *KLS Air Express, Inc.*, 2007 WL 2428294, at *5 ("In general, courts have held that a broker's duty to a shipper is limited to arranging for transportation with a reputable carrier.").

NVL attacks Plaintiff's negligence and negligent hiring claims only on the grounds that the relationship between the parties arose under a contract and Golden Hand was not NVL's agent. *See NVL Mot.* 14:11-15:9, 16:20-25. However, "where a case sounds in both tort and contract, the plaintiff will ordinarily have freedom of election between the two actions." *See Lucas v. Hamm*, 56 Cal. 2d 583, 589 n.2, 15 Cal. Rptr. 821 (1961) (citing *Comunale v. Traders & General Ins. Co.*, 50 Cal.2d 654, 663, 328 P.2d 198 (1958); *Chubb*, 243 F. Supp. 2d at 1066-67, 1071 (noting a broker could be liable under a negligent hiring theory where the relationship between the broker and the shipper arose under a contract). As noted above, Plaintiff raises triable issues of fact regarding whether Golden Hand operated as its ostensible agent.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

Accordingly, NVL fails to meet its burden of production and is therefore not entitled to summary judgment on Plaintiff's negligence and negligent hiring claims at common law and under 49 U.S.C. § 13907(b). *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

   5) <u>Plaintiff's Remaining State Law Claims</u>

At the outset, the Court reiterates that in order to avoid Carmack Amendment preemption of the ensuing claims, Plaintiff must proceed on the theory that NVL acted as a broker. *See Hughes Aircraft*, 970 F.2d at 613 (holding that the Carmack Amendment preempts state law claims against carriers).

    a) <u>Conversion and Recovery of Personal Property</u>

NVL challenges Plaintiff's state law conversion and writ of possession claims collectively on the grounds that NVL has never had dominion over Plaintiff's property. *See NVL Mot.* 5:18-26; 6:27-7:20. To state a claim for conversion, a plaintiff in California must allege (1) his ownership or right to possess the property at the time the conversion took place, (2) the defendant's conversion by a wrongful act or disposition of property rights, and (3) damages to the plaintiff. *See Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1507, 85 Cal. Rptr. 3d 268 (2008). While it is not necessary to show "a manual taking of the property," a plaintiff must still establish "an assumption of control or ownership over the property [by the defendant], or that the alleged converter has applied the property to his own use." *Id.*

To obtain a writ of possession, a Plaintiff must show, *inter alia*, that "the property is wrongfully detained by the defendant . . . [and] the manner in which the defendant came into possession of the property." Cal. Code Civ. P. § 512.010(b)(2).

Plaintiff concedes that NVL has never been in physical possession of his property and does not offer any authority supporting the contention that a broker may be held liable for a carrier's subsequent conversion. *Cf. Chubb*, 243 F. Supp. 2d at 1071 (noting that duties related to events that occur after a carrier has been hired and during the course of the shipment itself are not applicable to brokers); *KLS Air Express*, 2007 WL 24282924, at *5 ("In general, courts have held that a broker's duty to a shipper is limited to arranging for transportation with a reputable carrier."). Because the alleged conversion occurred during the course of the shipment and after

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

Golden Hand had been selected as the carrier, Plaintiff cannot recover against NVL for conversion or a writ of possession as a matter of law.

           b)      <u>Common Law Fraud</u>

Plaintiff also brings a claim for common-law fraud. The elements of a common-law fraud claim are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352, 359 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996)).

Although somewhat unclear, the record supports a finding of two affirmative misrepresentations by NVL. First, that NVL falsely misrepresented the cost of the move, and second, that NVL promised to perform the move personally when it always intended to have Golden Hand perform the move. Regarding the former, the facts taken in the light most favorable to Plaintiff establish that NVL provided Plaintiff with a $7,200 estimate for the total cost of the move (inclusive of packing) after a physical inspection of Plaintiff's goods and upon full knowledge that all goods were to be moved. *See Buchanan Opp. Decl.* ¶ 2-6. Nonetheless, NVL would not have honored that estimate and ultimately would have charged Plaintiff the same $23,340 price as Golden Hand. *See Massaro Decl.* ¶ 3. "The suggestion, as a fact, of that which is not true, by one who does not believe it to be true" is the definition of actual fraud. *See* Cal. Civ. Code § 1572.

Regarding the latter, NVL referred twenty-eight separate jobs to Golden Hand during a fifteen-week period, the majority of which were long-distance, east-west moves similar to the Plaintiff's. *See Garfinkel Opp. Decl.*, Ex. A, p. 3-5. This, coupled with the fact the NVL owns only two trucks, supports an inference that "although [NVL] promised [Plaintiff] that it would complete the move itself, it always intended to have [its agent] perform the move." *See Pl. Opp.* 9:21; *Massaro Decl.* ¶ 3; Cal. Civ. Code § 1572 (a misrepresentation encompasses "a promise made without any intention of performing it"); *Kaylor v. Crown Zellerbach, Inc.*, 643 F.2d 1362, 1368 (9th Cir. 1981) (noting fraud may be inferred from an immediate failure to perform a promise). Accordingly, triable issues of fact prevent summary judgment as to Plaintiff's fraud claim.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

c)   Breach of Contract

NVL seeks summary judgment as to Plaintiff's breach of contract claim on the grounds that no contract existed between Plaintiff and NVL, and, that even under an agency theory of liability; Golden Hand fully performed its obligations.  *See NVL Mot.* 10:21-22; 12:7-16; *Levin Decl.* ¶ 3.

To state a claim for breach of contract, a plaintiff must prove the following essential elements:  1) the existence of a contract, 2) plaintiff's performance or excuse for nonperformance, 3) defendant's breach, and 4) resulting damages to plaintiff.  *See Acoustics, Inc. v. Trepte Constr. Co.,* 14 Cal. App. 3d 887, 913, 92 Cal. Rptr. 723 (1971).

Plaintiff clarified the substance of his contract infringement claim at the hearing on these motions, contending that a contract arose when NVL inspected Plaintiff's goods, provided a written estimate,[3] promised to perform the move for that price, scheduled a date for the move, and accepted Plaintiff's initial deposit of $5,400.  *See Buchanan Opp. Decl.* ¶¶ 2, 3, 5, 6, 11, 21, Ex. A.  Plaintiff fully performed pursuant to the terms of this agreement by paying the initial deposit, making his goods available for shipment, and attempting to tender an additional $2,520 dollars (representing 110% of the original estimate).  *See id.* ¶¶ 11, 21.  Nonetheless, NVL, through its ostensible agent, breached the contract by refusing to deliver the goods absent payment of an additional $19,901.33.  *See id.* ¶¶ 8, 12, 22.  As a result of NVL's breach, Plaintiff has been without his goods for over a year.  *See id.* ¶¶ 21, 22.

---

[3] NVL argues the bill of lading is the final agreement between the parties, and therefore, the parol evidence rule bars introduction of NVL's earlier written estimate.  However, the parol evidence rule applies only where the bill of lading represents "the written memorial of the full understanding between the parties."  *Lawrence v. Premier Indemn. Assur. Co.*, 180 Cal. 688, 698-99, 182 P. 431 (1919); *Nelkin v. Marvin Hime & Co.*, 228 Cal. App. 2d 744, 746-47, 39 Cal. Rptr. 701 (1964).  According to Plaintiff, the bill of lading was blank when he signed it.  Because the bill of lading may have been blank when signed, the parol evidence rule does not bar the introduction of the written estimate to supply its essential terms.  *See Mitchell v. North Pac. S.S. Co.*, 60 Cal. App. 554, 557, 213 P. 293 (1923) (noting that where a bill of lading was silent on the question of what constituted proper packing, the "well-established rule" permitted the introduction of parol evidence).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

Contrary to NVL's protestations, the above represents the only purported contract properly considered on this motion for summary judgment. *See NVL Mot.* 10:21-28. Plaintiff disputes the authenticity of the various documents cited by NVL as comprising a superseding agreement between Golden Hand and the Plaintiff. *See id.*; *Levin Decl.*, Ex. 1; *Buchanan Opp. Decl.* ¶ 10, 12-20; *Pl. Opp.* 1:26-2:5. As Plaintiff makes a prima facie showing that NVL breached its agreement, NVL is not entitled to summary judgment on Plaintiff's breach of contract claim.

        d)        <u>California Business and Professions Code section 17200</u>

California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice...." *See Ariz. Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting Cal. Bus. & Prof. Code § 17200). "Unlike a common law fraud claim, a UCL fraud claim requires no proof that the plaintiff was actually deceived . . . Instead, the plaintiff must produce evidence showing 'a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025-26 (9th Cir. 2008) (citations omitted). An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided. *See Camacho v. Am. Honda Motor Co. Inc.*, 142 Cal. App. 4th 1392, 1403, 48 Cal. Rptr. 3d 770 (2006).

Plaintiff did not oppose the motion as it related to his Cal. Bus. & Prof. Code § 17200 claim, but clarified at the hearing his intent to proceed on all three theories: unlawful, unfair and fraudulent. The Court notes that the only "unlawful" conduct pleaded by Plaintiff stems from NVL's alleged violation of 49 C.F.R. § 375.409 and § 375.703, two federal regulations applicable only to carriers. *See SAC* 14:21-15:16; 49 C.F.R.§ 375.101 ("You, a household goods motor carrier engaged in the interstate transportation of household goods, must follow the regulations in this part when offering your services to individual shippers."). Accordingly, the Carmack Amendment preempts Plaintiff's § 17200 claim to the extent it is predicated on a failure to comply with these regulations. *See Hall*, 476 F.3d at 689-90; *Roberts v. North American Van Lines, Inc.*, 394 F. Supp. 2d 1174, 1182-84 (N.D. Cal. 2004) (holding field preemption barred a shippers' recovery under § 17200). However, because Plaintiff's fraud

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

claim survives the present motion for summary judgment, this Court cannot say that NVL's conduct was not unfair under § 17200 as a matter of law.

    B.    <u>Plaintiff's motion for summary judgment against Golden Hand</u>

Plaintiff moves for summary judgment against Golden Hand on the basis that the uncontroverted facts establish the essential elements of Plaintiff's claims for a writ of possession, fraud and violation of Federal Regulation 49 C.F.R. 375.703(b) as a matter of law. Among the "uncontroverted" facts are several requests for admissions deemed admitted pursuant to FRCP 36(a). In an untimely opposition to Plaintiff's motion for summary judgment filed on September 21, 2011, Golden Hand both opposed Plaintiff's motion and moved to amend its admissions. *See* Dkt. #113, 114.

    1)    <u>Amendment of Admissions</u>

Federal Rule of Civil Procedure 36(a) states that a matter is deemed admitted unless the party to whom the request is directed serves a written answer or objection on the requesting party within 30 days. "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Facts deemed admitted by a party's failure to respond are a sufficient basis for granting summary judgment. *See Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *O'Campo v. Hardisty*, 262 F.2d 621, 623 (9th Cir. 1958)). Plaintiff served the requests for admission at issue on June 1, 2011, meaning Golden Hand was required to respond by July 6, 2011. *See Garfinkel Mot. Decl.* ¶ 5, Ex. 1. Rule 36(b) permits a district court to exercise its discretion to grant relief from an admission only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. *See Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007).

Golden Hand moves to amend the requests for admission on the grounds that there is no court order as is typical in California state court, Golden Hand was unrepresented by counsel, there was no meet and confer between Plaintiff's counsel and Golden Hand's representative, Mr. Roni Levin, and Mr. Levin's Declaration filed in support of NVL's motion for summary

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#92/98/114

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

judgment is simultaneously before the Court and purportedly refutes "virtually all" of the facts deemed admitted. *See Golden Hand Opp.* 2:24-3:1.

Golden Hand did not oppose Plaintiff's motion or the evidentiary basis on which it rested until five days before the date calendared for a hearing. *See* Dkt #113, 114. Even then, Golden Hand did not seek an ex parte application to amend the facts deemed admitted in consideration of Plaintiff's motion for summary judgment, but merely noticed the motion to amend for hearing on November 7, 2011, and "request[ed] that this Court consider, advance the hearing and grant [the motion to amend] in determining the outcome of the MSJs." *See id.*; *Golden Hand Opp.* 3:14-16. Accordingly, Golden Hand's motion to amend its admissions in connection with Plaintiff's motion for summary judgment is procedurally improper and need not be considered on this ground alone. *See* L.R. 6-1, 7-12; Fed. R. Civ. P. 36(b).

Moreover, according to this Court's Scheduling Order, non-expert fact discovery in this case closed on July 26, 2011 – over eight weeks before Golden Hand filed the present Rule 36(d) motion to amend its admissions. *See* Dkt #59, 114. Plaintiff has relied on the deemed admissions for 11 weeks, including through the close of fact discovery and the cut-off for filing dispositive motions. A jury trial is scheduled to commence on November 1, 2011. *See* Dkt #59; *Pl. Opp. to Mot. Amend* 5:1-8. Accordingly, the Court finds Plaintiff will be prejudiced by Golden Hand's belated attempt to amend its admissions and denies Golden Hand's motion. *See Conlon v. U.S.*, 474 F.3d at 624 (holding the district court did not abuse its discretion by denying a motion to amend admissions where the other party had "relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates," and trial was imminent).

The Court next considers the merits of Plaintiff's motion.

    2)    <u>Writ of Possession and Fraud</u>

Plaintiff is not entitled to summary judgment against Golden Hand on his state law fraud and writ of possession claims because the Carmack Amendment preempts all state law claims against carriers and Plaintiff does not attempt to argue that Golden Hand was not a carrier or a carrier's agent for Plaintiff's move. *See Hall*, 476 F.3d at 689-90 (holding Carmack Amendment

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |

preemption "applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery").

       3)    <u>49 C.F.R. 375.703(b)</u>

Plaintiff moves for summary judgment arguing he has stated a claim for violation of 49 C.F.R. 375.703(b) as a matter of law. Under the provisions of 49 C.F.R. 375.703(b), a carrier must deliver a shipper's goods if the shipper tenders 110% of the non-binding written estimate, subject to certain additional amounts.

Golden Hand admits that while it was in possession of Plaintiff's property it told Plaintiff that his property would not be delivered unless Plaintiff paid more than $19,000 in additional packing and transportation fees, bringing the total cost to more than three times the original $7,200 estimate. *See Garfinkel Mot. Decl.* Ex. 1. Plaintiff offered to pay Golden Hand more than $2,520 dollars. *See Buchanan Mot. Decl.* ¶ 11. Combined with Plaintiff's $5,400 deposit, this represented 110% of the original $7,200 estimate. *See id.* ¶ 5; *See Garfinkel Mot. Decl.* Ex. 1. Accordingly, Plaintiff has established the elements of a claim under 49 C.F.R. 375.703(b) as a matter of law.

IV.    <u>Conclusion</u>

The Court GRANTS Plaintiff's motion for summary judgment against Golden Hand with regard to the 49 C.F.R. 375.703(b) claim and DENIES the motion with regard to the fraud and writ of possession claims. The Court GRANTS in part and DENIES in part NVL's motion for summary judgment against Plaintiff. Specifically, the Court GRANTS NVL's motion with respect to the conversion and writ of possession claims, and DENIES the motion with respect to the federal claims under 49 U.S.C. 14706, 49 U.S.C. 13907(a) and 49 C.F.R. 375.703(b), the state law negligence, negligent hiring and violation of 49 U.S.C. § 13907(b) claims, and Plaintiff's state law fraud, breach of contract and violation of Cal. Bus. & Prof. Code § 17200 claims.

       **IT IS SO ORDERED.**

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#92/98/114**

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-6206 PSG (RCx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | Russell Buchanan v. Neighbors Van Lines, *et al.* | | |